# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

SUPASTAR WARE,          )

         Plaintiff,       )

         v.            )        No. 4:26-cv-00654-JMB

JOHN BOYLES, et al.,      )

         Defendants.    )

## OPINION, MEMORANDUM AND ORDER

Before the Court is self-represented Plaintiff Supastar Ware's application to proceed in district court without prepayment of fees and costs.  Because Plaintiff has accrued three strikes under 28 U.S.C. § 1915(g), the Court will deny the application and order Plaintiff to pay the full filing fee.

## 28 U.S.C. § 1915(g)

Plaintiff, a prisoner and frequent filer of lawsuits, is subject to 28 U.S.C. § 1915(g), which limits a prisoner's ability to obtain *in forma pauperis* status if they have filed at least three actions that have been dismissed as frivolous, malicious, or for failure to state a claim.  Section 1915(g) provides in relevant part:

> In no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on three or more prior occasions, while incarcerated or detained in any facility, brought an action . . . in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).  Section 1915(g) is commonly known as the "three strikes" rule, and it has withstood constitutional challenges.  *See Higgins v. Carpenter*, 258 F.3d 797, 799 (8th Cir. 2001).

A review of this Court's files indicates that Plaintiff previously brought three civil actions that were dismissed as frivolous, malicious, or for failure to state a claim.  *See Ware v. Foley, et al.*, No. 4:25-cv-383-JAR (E.D. Mo. filed Jun. 18, 2025); *Ware v. Missouri Dep't of Corr., et al.*, No. 4:24-cv-934-ACL (E.D. Mo. filed Jul. 23, 2024); *Ware v. Centurion Health Care*, No. 4:24-cv-1008-SEP (E.D. Mo. filed Aug. 8, 2025); *see also Ware v. Missouri Dep't of Corr., et al.*, No. 4:25-cv-1262-SEP (E.D. Mo. Sept. 12, 2025) (dismissing Plaintiff's action under § 1983(g)); *Ware v. Galibert, et al.*, No. 2:25-cv-4246-BCW (W.D. Mo. Oct. 28, 2025) (dismissing Plaintiff's action under § 1915(g)).  Therefore, the Court cannot permit Plaintiff to proceed *in forma pauperis* absent "imminent danger of serious physical injury."  28 U.S.C. § 1915(g).

### The Complaint

Plaintiff brings this action under 42 U.S.C. § 1983 against 12 employees of the Missouri Department of Corrections.[1]  Plaintiff brings 13 claims, alleging:  (1) staff used conduct violations as weapons; (2) staff violated protocol pertaining to investigations; (3) staff singled out a wing and targeted it as a form of punishment; (4) a CO worked a housing unit where he was informed of a pending investigation

---

[1] Plaintiff lists eight Defendants' first names as John and three Defendants' first names as Jane.

of a sexual incident; (5) CO took extra shift and cursed at Plaintiff; (6) CO gestured at Plaintiff, which is a form of stalking and humiliation; (7) CO targeted cell 5-C-204 for "sexual (gratification)"; (8) a CO violated employment contract; (9) CO stated ERDCC will not be issuing ramification forms; (10) CO denied ramification forms and mishandled legal mail; (11) Plaintiff given "informal 2-hours on restraint bench" and CO is misgendered Plaintiff; (12) ERDCC administration not following protocol and violating supervisors' manual; and (13) CO violated employment contract and prison manual protocol. Doc. [1] at 6, 38. Each claim occurred between April 22 and April 27, 2026, which suggests Plaintiff has not exhausted any prison remedies. With each allegation, Plaintiff asks the Court to see camera and audio data from the prison.

For relief, Plaintiff handwrites 31 pages of various forms of relief he seeks, including $19 zillion, free concerts, deeds to land, establishment of new federal holidays, luxury vehicles, changes to Facebook's policies, legalization of cocaine and heroin and lifetime supply of these drugs from Cuba, a cure to cancer, etc. *Id.* at 9-37, 39-40.

### Discussion

The Court does not find that Plaintiff's allegations are causing him to be under imminent danger of serious physical injury as required to trigger the exception to the three-strike rule. The "imminent danger" exception to § 1915(g) "focuses on the risk that the conduct complained of threatens continuing or future injury, not on

whether the inmate deserves a remedy for past misconduct. *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003); *see, e.g.*, *McAlphin v. Toney*, 281 F.3d 709, 711 (8th Cir. 2002) (finding plaintiff faced imminent danger where infection spreading in his mouth required five tooth extractions and he needed two more extractions that were being unconstitutionally delayed).  Plaintiff has not alleged he faces any imminent danger.

Viewed in the light most favorable to Plaintiff, the Court does not find an imminent danger of serious physical injury sufficient to avoid the three-strikes bar. Because Plaintiff's complaint does not fall under this exception to § 1915(g), the Court will deny Plaintiff's application to proceed in district court without prepayment of fees and costs.  Plaintiff shall pay the $405 filing fee within 21 days of the date of this order or this action will be dismissed without prejudice under 28 U.S.C. § 1915(g).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's application to proceed in district court without prepaying fees and costs is **DENIED**.  Doc. [2]

**IT IS FURTHER ORDERED** that Plaintiff shall pay the $405 filing fee within 21 days of the date of this Memorandum and Order.

**IT IS FURTHER ORDERED** that if Plaintiff does not comply with this Memorandum and Order, the Court will dismiss this action without prejudice and without further notice.

Dated this  1st day of  May, 2026.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE